# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JUDY CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:14-cv-00159 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| LAWRENCE COUNTY, TENNESSEE | ) | |
| BOARD OF EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Judy Campbell, filed this action under 42 U.S.C. § 1983 against Defendants Lawrence County Board of Education ("the Board") and Bill Heath, individually and in his official capacity as Director of Schools for Lawrence County. Plaintiff alleges that her employment termination constitutes a violation of her First Amendment rights of privacy and association in her marriage relationship.

Before the Court is Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Docket Entry No. 7), contending that Plaintiff's complaint fails to state a claim upon which relief can be granted. In essence, Defendants contend that: (1) claims against Defendant Heath in his individual capacity are shielded by absolute legislative immunity; (2) the Board cannot be liable, under § 1983, for Heath's conduct because he was not a "final policymaker" under Tennessee law; and (3) Plaintiff's claims against Heath in his official capacity are redundant in light of Plaintiff's claims against the Board. Plaintiff filed a response in opposition (Docket Entry No. 13), conceding her claims against Defendant Heath, individually and in his official capacity, but contending that the Board may still be liable under § 1983 because Heath had final policymaking authority regarding the

decision to terminate Plaintiff. Defendants filed a reply. (Docket Entry No.16).

For the reasons stated herein, the Court concludes that Defendant Heath was not a final policymaker and, therefore, Defendant's motion to dismiss (Docket Entry No. 7) should be granted.

## A. Analysis of the Complaint

According to her complaint, Plaintiff alleges that Defendant Heath, as Director of Schools for the Lawrence County Board of Education ("the Board"), selected Plaintiff to be laid off from her employment in the Central Office of the Lawrence County Board of Education in order to retaliate against her husband, Jerry Campbell, who serves as a member of the Board. (Docket Entry No. 1, Complaint at ¶¶ 7, 8, 15).

Specifically, Plaintiff alleges that her husband, as a member of the Board, gave Heath evaluations that Heath believed were unfavorable and cast the sole "no" vote when the Board voted in October 2013 to renew Heath's contract. Id. at ¶¶ 10, 13. As a result, Plaintiff alleges that "Heath viewed Jerry Campbell in a negative light and he was antagonistic towards Jerry, which created in defendant Heath a motive to find a way to retaliate against Jerry Campbell." Id. at ¶ 14.

Plaintiff alleges that, in preparing the budget for Lawrence County schools for the 2014-2015 school year, Heath decided it was necessary to make personnel layoffs and decided to select Plaintiff to be laid off. Id. at ¶ 15. Plaintiff alleges that a "substantial motivating factor in defendant Heath's decision to select plaintiff to be laid off was her marriage relationship rather than any legitimate reason related to the operation of the school system." Id.

Plaintiff alleges that there is "no established policy or procedure for making budget-driven personnel layoffs, so the decision on which employees to lay off was entirely within the discretion of defendant Heath." Id. In addition, Plaintiff alleges that Heath had final policymaking authority on

2

behalf of the Board to terminate Plaintiff by selecting her for layoff. Id. at ¶ 16.

## B. Conclusions of Law

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903 (citations and quotation marks omitted).

In Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

As an initial matter, in her Response to Defendants' motion to dismiss, Plaintiff concedes her claims against Heath in his individual capacity as well as her claims against Heath in his official capacity. See Docket Entry No. 13, Plaintiff's Response to Defendants' Motion to Dismiss at 2, 11. Accordingly, the Court concludes that Defendants' motion to dismiss (Docket Entry No. 7) should

4

be granted with respect to Plaintiff's claims against Heath individually and in his official capacity.

Regarding Plaintiff's claims against the Board, "municipalities and other local government units are included among those persons to whom § 1983 applies." Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir. 1993) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)) (internal quotations omitted). Yet, "a local government is liable as an entity only when the government itself has committed the constitutional violation, not when the violation was committed by its employees." Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 478-79 (1985)). Thus, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. Rather, a municipality may be held liable under § 1983 only where its policy or custom causes the constitutional violation in question. See Monell, 436 U.S. at 694.

In Pembaur, the Supreme Court held that a municipality can be held liable under § 1983 for a single decision by the municipality's policymakers. 475 U.S. at 479-80. Yet, the municipality is liable for an official's unconstitutional action only when the official is the one who has the "final authority to establish municipal policy with respect to the action ordered." Id. at 481. Mere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). "Whether a given individual is such a 'policymaker' for purposes of § 1983 liability is a question of state law." Miller v. Calhoun County, 408 F.3d 803, 813 (6th Cir. 2005) (citing Pembaur, 475 U.S. at 483).

Under Tennessee law, "[e]ach local board of education is authorized to employ a director of schools, as provided for in § 49-2-203, subject to requirements of law." Tenn. Code Ann. § 49-2-

301(a). It is the duty of the board of education to assign to its director of schools the duty to:

> Prepare, annually, a budget for the schools in the director's school system, <u>submit the budget to the board for its approval</u> and present it to the county or other appropriate local legislative body for adoption as provided for by the charter or private legislative act; provided that ... (ii) <u>any change in the expenditure of money as provided for by the budget shall first be ratified by the local board and the appropriate local legislative body.</u>

Tenn. Code Ann. §49-2-301(b)(1)(W) (emphasis added).

In addition, it is the duty of the local board of education to:

> Require the director of schools and chair of the local board to prepare a budget on forms furnished by the commissioner, and <u>when the budget has been approved by the local board</u>, to submit it to the appropriate local legislative body.

Tenn. Code Ann. § 49-2-203(a)(10)(A)(I) (emphasis added).

In response, Plaintiff contends that Tenn. Code Ann. § 49-2-301(b)(1)(EE) gives the director of schools the final authority to dismiss all personnel. Yet, the statute makes clear that the authority assigned to the director of schools exists "<u>within the approved budget</u> and consistent with existing state laws and board policies." Tenn. Code Ann. § 49-2-301(b)(1)(EE) (emphasis added). Although the director of schools may have the exclusive authority to employ, transfer, or dismiss personnel, the Court does not interpret this statutory provision to provide the director of schools with exclusive authority to eliminate job positions for budgetary reasons. Here, Plaintiff's complaint specifically alleges that "<u>[w]hen Dr. Heath was preparing the budget for Lawrence County schools</u> for the school year 2014, he decided that it was necessary to make personnel layoffs." (Docket Entry No. 1, Complaint at ¶ 15) (emphasis added).

Thus, the Court concludes that Tennessee law requires the local board to approve the annual

6

budget prepared by the director of schools. As such, Heath is not the final policymaker with respect to the decision to eliminate Plaintiff's job position. Moreover, Plaintiff's complaint does not contain any allegation that the Board, itself, maintained any policy or custom that caused the alleged violation of Plaintiff's rights.

In addition, courts may consider public records without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56. See Jones v. City of Cincinnati, 521 F.3d 555, 562 (6th Cir. 2008). Under Tennessee Law, the minutes of a meeting of any such governmental body "shall be open to public inspection." Tenn. Code Ann. § 8-44-104(a). Here, Defendants submit a copy of the minutes from the June 9, 2014 Board meeting (Docket Entry No. 7-2) at which the Board adopted Heath's recommended budget, including the elimination of Plaintiff's position. These minutes reflect that Heath presented a recommended budget that the Board ultimately voted to approve. See Docket Entry No. 7-2, Minutes from June 9, 2014 Board Meeting at 13- 21.

Accordingly, the Court concludes that Defendants' motion to dismiss (Docket Entry No. 7) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 28th day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge